FILED
United States Court of Appeals
Tenth Circuit

March 7, 2012

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

SIMON CHEGE MWANGI,

Petitioner-Appellant,

v.

RAY TERRY, Warden, Otero County
Processing Center,

Respondent-Appellee.

No. 11-2091
(D.C. No. 1:10-CV-00225-MV-DJS)
(D. N.M.)

---

ORDER AND JUDGMENT*

---

Before **KELLY**, **MURPHY**, and **HOLMES**, Circuit Judges.

---

Simon Chege Mwangi appeals the district court's dismissal of his petition

for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Mr. Mwangi is a

Kenyan national who entered the United States in 2004 and overstayed his visa.

In 2008, he was arrested for domestic violence and detained by the Department of

---

* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Homeland Security ("DHS") for remaining in this country without authorization. He has been detained by DHS since November 6, 2008.[1]

In removal proceedings, Mr. Mwangi admitted that he was removable, *see* 8 U.S.C. §§ 1227(a)(1)(B), (a)(1)(C)(i), but he applied for asylum, restriction on removal, and relief under the Convention Against Torture ("CAT"). An immigration judge ("IJ") denied his applications and ordered him to be removed to Kenya. The IJ's decision was based in part on Mr. Mwangi's testimony that he had been a member of the Mungiki sect, which is devoted to "eliminat[ing] the western style of life within the country of Kenya." R., Vol. 1 at 62. Mr. Mwangi indicated that as a member of this sect, he had participated in robberies, beatings, and forcing women to submit to female genital mutilation. The IJ found that Mr. Mwangi had engaged in acts of persecution, which barred him from relief. Mr. Mwangi appealed to the Board of Immigration Appeals ("BIA"), which affirmed the denial of asylum and restriction on removal but remanded to the IJ for further consideration of Mr. Mwangi's CAT claim.

On remand, Mr. Mwangi requested to be released on bond. The IJ denied his request, finding that Mr. Mwangi's previous testimony established that he posed a danger to society. The IJ later held a bond redetermination hearing and

---

[1]     Mr. Mwangi's 28 U.S.C. § 2241 petition challenges his detention pursuant to federal process, so he need not obtain a certificate of appealability to proceed. *See Aguilera v. Kirkpatrick*, 241 F.3d 1286, 1291-92 (10th Cir. 2001).

again denied bond. Eventually, the IJ rejected the CAT claim as well. Mr. Mwangi appealed these decisions to the BIA, but the BIA denied his bond appeal as untimely and has not yet issued a decision on the CAT appeal.

Meanwhile, Mr. Mwangi filed this habeas petition pro se in the district court, claiming on a form petition that his detention violated *Zadvydas v. Davis*, 533 U.S. 678 (2001). *Zadvydas* held that a six-month post-removal period of detention to allow the government to secure an alien's removal was presumptively reasonable. *Id.* at 701. Mr. Mwangi asserted that his detention violated *Zadvydas* because he was being detained indefinitely in violation of his due process rights.

After considering these arguments, a magistrate judge determined that federal courts lack jurisdiction to review the Attorney General's discretionary decision to deny an alien bond. The magistrate judge also ruled that *Zadvydas* did not govern Mr. Mwangi's case because he was not yet subject to a final order of removal, but rather was still in removal proceedings. Finally, the magistrate judge ruled that even if there were jurisdiction to review Mr. Mwangi's detention, his removal proceedings would end in the foreseeable future, and therefore his confinement was not indefinite. The magistrate judge therefore recommended that Mr. Mwangi's habeas petition be dismissed. Over Mr. Mwangi's objections, the district court adopted the magistrate judge's report and recommendation and dismissed the petition.

Since then, Mr. Mwangi has sought and obtained another remand from the BIA to allow the IJ to evaluate his competency; he has also been granted release on $6,000 bond.[2] As of the date of this writing, the IJ has concluded that Mr. Mwangi is competent, although still not entitled to CAT relief.[3] And, as indicated above, the BIA has not yet issued a decision on Mr. Mwangi's CAT claim.

The issue before us is whether the district court correctly dismissed the habeas petition for lack of jurisdiction. Under our de novo review, *see Burger v. Scott*, 317 F.3d 1133, 1137 (10th Cir. 2003), we agree that dismissal was proper.

As the magistrate judge correctly observed, Mr. Mwangi has not been subject to mandatory detention as a criminal alien under 8 U.S.C. § 1226(c), *see Demore v. Kim*, 538 U.S. 510, 513-14 (2003). Nor has he been detained as an alien subject to a final order of removal pursuant to 8 U.S.C. § 1231(a), as was the case in *Zadvydas*. Rather, Mr. Mwangi has been in DHS custody during the pendency of his removal proceedings and is therefore eligible for release on bond under 8 U.S.C. § 1226(a). Pursuant to this provision, the Attorney General *may* exercise his discretion to either detain or release an alien on bond or conditional parole. *See id.*, § 1226(a)(1)-(2); *see also* 8 C.F.R. § 236.1(c)(8) (providing that

---

[2]    Mr. Mwangi indicates that he cannot pay the bond amount. Reply Br. at 3.

[3]    These proceedings followed the district court's dismissal, and therefore the agency's decisions are not included in the record on appeal. We grant Mr. Mwangi's unopposed motion to supplement the record with these decisions.

an authorized officer may exercise discretion to release an alien if the alien demonstrates that release would not pose a danger and the alien is likely to appear at future proceedings). But the Attorney General's exercise of discretion is not subject to judicial review. *See* 8 U.S.C. § 1226(e) ("The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review."); *cf. Demore*, 538 U.S. at 516-17 (asserting jurisdiction to consider challenge to statutory framework providing for mandatory detention under § 1226(c), not the discretionary judgment of the Attorney General); *Zadvydas*, 533 U.S. at 688 (distinguishing applicability of § 1226(e) to "detention-related decisions *in period preceding entry* of final removal order").

Moreover, as the magistrate judge recognized, Congress has specifically eliminated Mr. Mwangi's attempted means of review---a habeas petition pursuant to § 2241---as a way of challenging the Attorney General's discretionary decision. *See* 8 U.S.C. § 1252(a)(5) ("For purposes of this chapter, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms 'judicial review' and 'jurisdiction to review' include habeas corpus review pursuant to section 2241 of Title 28 . . . ."). Indeed, Congress has eliminated judicial review over these types of discretionary decisions "regardless of whether the judgment, decision, or action is made in removal proceedings." *Id.*, § 1252(a)(2)(B)(ii). Therefore, to the extent Mr. Mwangi challenges the agency's discretionary bond decision, the magistrate judge was correct that the court lacked jurisdiction.

Mr. Mwangi contends, however, that he is not challenging the discretionary aspects of his detention, but rather its constitutionality. He says his detention is indefinite and therefore violates his due process rights under *Zadvydas*. But here again, the magistrate judge correctly observed that even if Mr. Mwangi could successfully characterize his claim as constitutional, he is not like the aliens in *Zadvydas*. In that case, the aliens had already been ordered removed, they had exhausted their administrative and judicial remedies, and yet the government could not secure their removal because the designated countries either refused to accept them or maintained no repatriation agreement with the United States. *Zadvydas*, 533 U.S. at 684-86. Recognizing that "[a] statute permitting indefinite detention of an alien would raise a serious constitutional problem," *id.* at 690, the Court ruled that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized," *id.* at 699.

But Mr. Mwangi's removal remains reasonably foreseeable. He is being detained "pending a decision on whether he is to be removed from the United States." 8 U.S.C. § 1226(a); *see Zadvydas*, 533 U.S. at 697 ("post-removal-period detention, *unlike detention pending a determination of removability*[,] . . . has no obvious termination point" (emphasis added)). Although a precise end-date to his removal cannot be pinpointed, that is because his removal proceedings continue, not because the government cannot remove him. Indeed, there is no indication that Mr. Mwangi is unremovable, whether it be for lack of a repatriation

-6-

agreement or because his designated country will not accept him.  *Cf. Zadvydas*, 533 U.S. at 684-86.  Under these circumstances, Mr. Mwangi's detention is not indefinite.  Mr. Mwangi contends he should be afforded an evidentiary hearing to establish he is unremovable, but where he could still be admitted to the United States, such a hearing is premature.  And in any event, nothing in his allegations demonstrates that he is entitled to relief.  *See Medina v. Barnes*, 71 F.3d 363, 366 (10th Cir. 1995) ("To be entitled to an evidentiary hearing in a federal habeas action, the petition must first make allegations which, if proved, would entitle him to relief.").

We see no reason to further retrace the magistrate judge's cogent and well-reasoned analysis.  Therefore, having reviewed the parties' appellate materials, the record on appeal, and the relevant legal authority, we AFFIRM the district court's judgment for substantially the same reasons stated in the magistrate judge's report and recommendation dated March 19, 2010, which was adopted by the district court's decision dated March 30, 2011.

Entered for the Court

Jerome A. Holmes
Circuit Judge